**No.  12-16718**

---

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

| | |
|---|---|
| EDVARD ESHAGH, on behalf of himself and all others similarly situated, | ) ) ) |
| | ) Appeal from the United |
| *Plaintiff-Appellant,* | ) States District Court for |
| | ) the Eastern District of |
| vs. | ) California |
| | ) |
| THE TERMINIX INTERNATIONAL COMPANY, L.P., a limited partnership, and TERMINIX INTERNATIONAL, INC., | ) No.: 1:11-cv-00222-LJO-DLB ) ) ) ) |
| | ) |
| *Defendants-Appellees.* | ) |

---

### Brief of Defendants-Appellees,
### The Terminix International Company Limited Partnership and
### Terminix International, Inc.

_____

David R. Creagh

David J. Richards

Hinshaw & Culbertson LLP

222 N. LaSalle, Suite 300

Chicago, IL 60601

TELEPHONE: 312-704-3000

Christopher J. Borders

Hinshaw & Culbertson LLP

One California Street

18th Floor

San Fransisco, CA 94111

Telephone: 415-362-6000

ATTORNEYS FOR DEFENDANTS-APPELLEES

## CORPORATE DISCLOSURE STATEMENT

Terminix International, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in Tennessee. No publicly held corporation owns any percent of ownership or stock in Terminix International, Inc.

The Terminix International Company Limited Partnership has one general partner, Terminix International, Inc., and one limited partner, ServiceMaster Consumer Services Limited Partnership. ServiceMaster Consumer Services Limited Partnership is a limited partnership having one general and one limited partner. The general partner is ServiceMaster Consumer Services, Inc., and the limited partner is ServiceMaster Holding Corporation. No publicly held corporation owns any percent of ownership in The Terminix International Company Limited Partnership or any stock of its partners.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................5

JURISDICTIONAL STATEMENT ...........................................10

ISSUES PRESENTED FOR REVIEW .....................................11

STATEMENT OF THE CASE .................................................14

STATEMENT OF FACTS .........................................................17

SUMMARY OF ARGUMENT ...................................................24

ARGUMENT ............................................................................27

I.    The FAA, Not State Law, Supplies
      the Standard for Waiver ..................................................27

II.   Terminix Did Not Waive the Right
      to Arbitrate Under the FAA's Waiver Standard .................31

      A.    Terminix Did Not Act Inconsistently With the
            Right to Arbitrate .................................................32

      1.    The Only Litigation Activity Was a Motion to
            Dismiss the Original Complaint................................33

      2.    This Circuit and Other Circuits Have Held that the
            Filing of a Single Motion to Dismiss Does Not Amount
            to a Waiver .........................................................34

      3.    The Type of Conduct Found by the Ninth Circuit
            to Constitute a Waiver is Not Present Here .............39

      4.    The District Court and Fifth and Eighth Circuit
            Cases Relied Upon by Plaintiff are Distinguishable ...........40

      B.    Plaintiff Has Not Shown Prejudice ............................43

III.  Terminix Did Not Waive the Right
      to Arbitrate Under the California State Standard...................50

A.   Terminix's Motion to Dismiss the Original Complaint Was Not Inconsistent with Arbitration and Did Not "Substantially Invoke" the Litigation Machinery …………………….............................................51

B.   Terminix Did Not Request Arbitration Close to the Trial Date or Unreasonably Delay Before Seeking a Stay……………………………….............................................53

C.   Terminix Did Not File a Counterclaim...........................................55

D.   Terminix Did Not Take Advantage of Procedures Not Available in Arbitration ...................................................56

E.   The Timing of Terminix's Motion to Compel Arbitration Did Not Mislead or Prejudice Plaintiff..............................57

IV.   The Arbitration Agreement Is Not Substantively Unconscionable ................................................57

V.   The Arbitration Agreement Is Not Illusory...........................................60

VI.   Plaintiff's Class Claims Were Properly Stricken Under *Stolt-Nielsen* and *Concepcion* ...................................................62

CONCLUSION.................................................................65

STATEMENT OF RELATED CASES........................................67

CERTIFICATE OF COMPLIANCE .........................................68

APPENDIX.................................................................70

# TABLE OF AUTHORITIES

Page

*Adolph v. Coastal Auto Sales, Inc.*, 110 Cal.Rptr.3d 104 (Cal.Ct.App. 2010) ................................................................. 54

*Allied Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265 (1995) .................................................................................. 28

*Arthur Andersen LLP v. Carlisle,* 556 U.S. 624 (2009) .......................... 29-30

*AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) ................................................. 13, 15, 22, 33, 60, 63

*ATSA of California, Inc. v. Continental Ins. Co.*, 702 F.2d 172 (9th Cir. 1983) .............................................................. 44

*Batory v. Sears Roebuck and Co.,* 124 Fed.Appx. 530 (9th Cir. 2005) .................................................................... 30-31

*Batth v. Lion Raisins, Inc.*, 2008 WL 1838134 (Cal.Ct.App. 2008) ................................................................... 60-61

*Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005) .......................... 34-35

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) ................................................................................. 30

*Burton v. Cruise*, 118 Cal.Rptr.3d 613 (Cal.Ct.App. 2010) ........................ 51

*Coneff v. AT&T*, 673 F.3d 1155 (9th Cir. 2012) ............................................. 39

*Dixon R. Howell v. Valley*, 29 Cal.Rptr.3d 499 (Cal.Ct.App. 2005) ................................................................................. 52

*Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir. 1986) ............................................................ 31-32, 48-50, 57

*Global Security & Communications, Inc. v. AT&T*, 191 F.3d 460, 1999 WL 513873 (9th Cir. 1999) ............................ 46-47

*Gonsalves v. Infosys Tech., Ltd.*, 2010 WL 3118861 (N.D. Cal. 2010) ....................................................................... 40-41

*Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) .................................63

*Guess?, Inc. v. Superior Ct.,* 94 Cal.Rptr.2d 201 (Cal.Ct.App. 2000) ..........................................................................................................53

*Harper v. Ultimo*, 7 Cal.Rptr.3d 418 (Cal.Ct.App. 2003) ...........................59

*Hooper v. Advance Am. Cash Advance Centers*, 589 F.3d 917 (8th Cir. 2009) .............................................................. 41-42

*Howsam v. Dean Witter*, 537 U.S. 79 (2002) ...............................................45

*In re Amorosso,* 222 Fed.Appx. 542 (9th Cir. 2007).................................58

*In re Apple & AT&T Antitrust Litig.*, 826 F.Supp.2d 904 (N.D.Cal. 2011) ...............................................................................39

*In re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010) ................................41, 43

*In re Palmdale Hills Prop., LLC,* 654 F.3d 868 (9th Cir. 2011)..............................................................................................27, 63

*KPMG LLP v. Cocchi*, 132 S.Ct. 23 (2011) ...............................................60

*Lake Communications, Inc. v. ICC Corporation*, 738 F.2d 1473 (9th Cir. 1984) ................................................... 34-35, 44

*Lhotka v. Geographic Expeditions, Inc.*, 104 Cal.Rptr.3d 844 (Cal.Ct.App. 2010) .....................................................................59

*Mercuro v. Superior Ct.*, 116 Cal.Rptr.2d 671 (Cal.Ct.App. 2002)...............................................................................................59

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ..............................................................34

*Morse v. ServiceMaster Global Holdings, Inc.*, 2011 U.S. Dist. LEXIS 88901 (N.D. Cal. 2011) .......................................33

*Moses H. Cone Mem. Hosp. v. Mercury Construc. Corp.*, 460 U.S. 1 (1983) ...............................................................28, 30

*Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) ...............32, 58

*Nakano v. ServiceMaster Global Holding Inc.*, 2011 U.S. Dist. LEXIS 81949 (N.D. Cal. 2011) ................................................... 33

*Nicholson v. Labor Ready, Inc.*, 1997 WL 294393 (N.D. Cal. 1997) .................................................................................... 28

*Peleg v. Nieman Marcus Gp., Inc.*, 140 Cal.Rptr.3d 38 (Cal.Ct.App. 2012) ................................................................... 61

*Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122 (C.D. Cal. 2011) .................................................................................... 52

*Roberts v. El Cajon Motors, Inc.*, 133 Cal.Rptr.3d 350 (Cal.Ct.App. 2011) ................................................................... 54

*Rush v. Oppenheimer & Co.*, 779 F.2d 885 (2d Cir. 1985) .............. 34-35, 37

*Soltani v. Western & South. Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) .................................................................................... 57-58, 60

*Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d 1266 (9th Cir. 2002) ................................................................... 28, 31, 34, 38-39

*St. Agnes Med. Ctr. v. PacifiCare*, 82 P.3d 727 (Cal. 2003) ............. 51, 52, 56

*St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods Co., Inc.*, 969 F.2d 585 (7th Cir. 1992) ....................................... 38

*Stickrath v. Globalstar, Inc.*, 2008 WL 2050990 (N.D. Cal. 2008) .................................................................................... 55-56

*Stolt-Nielsen v. Animalfeeds Intern. Corp.*, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) .............................................. 13, 15, 22, 62-64

*Sutter v. Oxford Health Plans*, 675 F.3d 215 (3d Cir. 2012) ................. 64-65

*Sweater Bee by Banff Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457 (2d Cir. 1985) .......................................................... 34, 36-37

*Ting v. AT&T*, 319 F.3d 1126 (9th Cir. 2003) ................................................ 58

*United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002) .......................................................... 47

*Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754
(9th Cir. 1989) ................................................................ 39-40

*Westlye v. Look Sports, Inc.*, 22 Cal.Rptr.2d 781
(Cal.Ct.App. 1993) ............................................................58

*Williams v. Cigna Fin. Advisors*, 56 F.3d 656 (5th Cir. 1995)................ 34-35

*Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087 (9th
Cir. 2010)........................................................................27

**Statutes:**

7 U.S.C. §136............................................................................28

9 U.S.C. §1...............................................................................12

9 U.S.C. §2...............................................................................29

28 U.S.C. §1332(d).....................................................................10

28 U.S.C. §1291.........................................................................10

28 U.S.C. §636(b)(1)..............................................................15, 19

28 U.S.C. §1920.........................................................................55

F.R.C.P. 12(a)(1)(B)...................................................................56

F.R.C.P. 12(b)............................................................................38

Cal. Bus. & Prof. Code §17500 ...................................................14

Cal. Bus. & Prof. Code §17200 ...................................................14

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).  The plaintiff, Edvard Eshagh, is a citizen of California. (ER 130, ¶6)  At least one defendant is diverse in citizenship from Eshagh.  Defendant Terminix International, Inc. is a citizen of Delaware (where it is incorporated) and Tennessee (its principal places of business).  (ER 130, ¶9; ER 106, ¶9)  Further, plaintiff alleged damages exceeding the jurisdictional minimum under 28 U.S.C. §1332(d). (ER 132, ¶11).

The district court's order dismissing plaintiff's claims was entered on July 6, 2012.  (ER 003)  On that same date, judgment was entered in favor of the defendants.  (ER 002).  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1291.  Plaintiff's notice of appeal was filed on August 6, 2012.  (ER 001).  The notice of appeal is timely pursuant to Federal Rule of Appellate Procedure 4(a).

## ISSUES PRESENTED FOR REVIEW

1.    Following service of process, Terminix moved to dismiss plaintiff's complaint on substantive and procedural grounds. The District Court granted that motion to dismiss, and dismissed two counts with prejudice because they were time-barred by the statute of limitations, and dismissed two counts without prejudice (and granted leave to replead) because those counts had not been pled properly. Plaintiff filed its Amended Complaint, seeking to cure those defects; two weeks later, Terminix moved to compel arbitration. Plaintiff objected that arbitration should not occur because significant litigation activity had already occurred (even though no discovery had been taken and no trial had been set). The trial court granted that motion, compelling this individual case to arbitration and striking plaintiff's putative class action claims, over plaintiff's objection that significant litigation activity had occurred in the court. Was it clear error for the trial court to reject plaintiff's objection, when the only litigation activity that had occurred to that point was briefing and granting of defendant's first motion to dismiss?

2.    Federal law imposes a presumption against waiver of the right to arbitration, this Circuit has held that a party claiming waiver bears a

heavy burden, and this Court's precedents hold that the filing of a single motion to dismiss is insufficient and that litigation costs of the type claimed here do not meet the requirement of prejudice.   Did the district court err in concluding that plaintiff failed to meet his heavy burden and that Terminix did not waive the right to arbitrate under the Federal Arbitration Act, 9 U.S.C. 1, *et seq.* ("FAA") and California state law?

3.    The agreement does not provide for more limited remedies in arbitration than what would be available in court.  Did the district court err in finding that the agreement is not "so one-sided as to shock the conscience" and therefore, not unconscionable?

4.    Was the district court correct in concluding that Terminix was not free to perform or withdraw from the agreement at its own unrestricted discretion and that therefore, the arbitration agreement is not illusory?

5.    Did the district court correctly conclude that *Stolt-Nielsen v. Animalfeeds Intern. Corp.*, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) and *AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742, 755 (2011) require dismissal of plaintiff's putative class action claims, where the arbitration agreement does not expressly permit class action arbitration?

## STATEMENT OF THE CASE

Plaintiff Edvard Eshagh filed suit against The Terminix International Company, L.P. and Terminix International, Inc. [hereafter collectively referred to as "Terminix"] on February 8, 2011 asserting claims arising out of a contract for termite prevention services at a specific business address. (ER 006). On July 25, 2011, the district court dismissed plaintiff's claims for breach of professional duty and assumpsit with prejudice based on the statute of limitations, and dismissed plaintiff's claims under the False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.* ("FAL") and Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.* ("UCL") without prejudice. (ER 034-035).

Plaintiff filed his First Amended Complaint on August 16, 2011 (ER 128). On August 30, 2011, Terminix filed a motion to compel arbitration and strike the class allegations. (ER 097). On that same date, Terminix timely filed an Answer to plaintiff's breach of contract claim and a motion to dismiss the FAL and UCL claims. (ER 101, 104).

Terminix's motion to compel arbitration and strike class allegations was referred to Magistrate Judge Dennis L. Beck pursuant to 28 U.S.C. §636(b)(1) for findings and recommendations to the district court. (ER 006). Oral argument was heard by the magistrate on April 13, 2012 and

the magistrate issued his findings and recommendations on May 11, 2012. (ER 005). The magistrate found that the FAA applies to Terminix's motion, and that plaintiff failed to satisfy his heavy burden of establishing that Terminix waived the right to arbitration. (ER 008, 013, 015). The magistrate also rejected plaintiff's claims that the arbitration agreement was illusory or substantively unconscionable. (ER 016, 018). After finding that plaintiff's claims should be compelled to arbitration and that the parties did not agree to claims being arbitrated on a class-wide basis, the magistrate concluded that plaintiff's class allegations should be stricken pursuant to *Stolt-Nielsen v. Animalfeeds Intern. Corp.*, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) and *AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742, 755 (2011). (ER 019-20).

On July 6, 2012, the district court adopted the magistrate's findings and recommendations in their entirety, granted the motion to compel arbitration, and struck the plaintiff's class allegations. (ER 003-04). The district court also entered final judgment in favor of Terminix. (ER 002). This appeal followed.

## STATEMENT OF FACTS

Plaintiff Edvard Eshagh sought to bring this action both on his own behalf and as representative of a proposed class of plaintiffs who had entered into termite prevention contracts in California. (ER 128-29). Plaintiff's Complaint, filed February 8, 2011, was based on a September 20, 1999 Termite Protection Plan with defendant The Terminix International Company, LP (ER 274-75).   The Plan contained an arbitration provision that required the parties to arbitrate

> any controversy or claim between them arising out of or relating to this agreement or to the identified property in any way, whether by virtue of contract, tort or otherwise . . . .

(ER 275).   The arbitration clause required that the arbitration be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association. (ER 275).

Plaintiff's Complaint asserted that Terminix failed to disclose that plaintiff's structure was constructed with stucco below grade, a condition that plaintiff claims rendered his structure susceptible to an infestation by termites.  (ER 243, 248).  The Complaint alleged violations of the UCL and FAL, breach of professional duty, breach of contract and assumpsit. (ER 266-72).

On April 7, 2011, Terminix moved to dismiss the Complaint. (ER

204).   The motion asserted that plaintiff's claims were time barred, that the UCL and FAL claims were not pled with sufficient specificity, and that the breach of contract claim did not sufficiently describe the contract(s) at issue or the provisions claimed to have been breached.  (ER 206-07).   On July 25, 2011, the district court dismissed plaintiff's claims for breach of professional duty and assumpsit with prejudice based on the statute of limitations.  (ER 030-31).  The court also dismissed plaintiff's FAL and UCL claims without prejudice.  (ER 029-30).

Plaintiff filed his First Amended Complaint on August 16, 2011 (ER 128).   The First Amended Complaint alleged additional facts in support of the FAL and UCL claims and re-asserted the breach of contract claim. On August 30, 2011, in recognition of the Court's prior ruling that the entire case was not subject to dismissal, Terminix filed a motion to compel arbitration and strike the class allegations.  (ER 097).  On that same date, Terminix timely filed an answer to plaintiff's breach of contract claim and a second motion to dismiss the FAL and UCL claims. (ER 101, 104).

Plaintiff opposed the motion to compel arbitration by asserting that Terminix waived the right to arbitrate by filing the motion to dismiss the original Complaint.  (ER 065-66).  Plaintiff also claimed that Terminix

did not invoke the FAA in its motion and therefore, state law rather than the FAA controls the issue of waiver. (ER 063). Plaintiff also attempted to avoid the arbitration agreement by claiming the certain limitations of remedies rendered the agreement unconscionable, and that Terminix was free to perform or not perform under the agreement at its own discretion, thereby rendering the agreement illusory. (ER 073-085).

Terminix's motion to compel arbitration and strike class allegations was referred to Magistrate Judge Dennis L. Beck pursuant to 28 U.S.C. §636(b)(1). (ER 006). On May 11, 2012, Magistrate Beck issued his findings and recommended that the motion to compel arbitration and strike the class action allegations be granted. (ER 020-21). Magistrate Beck's findings and recommendations were adopted, in their entirety, by the district court on July 6, 2012. (ER 003-04). The district court granted the motion to compel arbitration and struck plaintiff's class allegations. (ER 004).

The magistrate (adopted by the district court) rejected plaintiff's argument that Terminix did not invoke the FAA in its motion, finding that "it is evident from Terminix's moving papers" that defendants' motion was pursuant to the FAA. (ER 007). The magistrate also found that the nature of Terminix's business is sufficient to satisfy the FAA's

requirement of "interstate commerce." (ER 008). For these reasons, the magistrate concluded that the FAA, rather than state law, governs the issues of arbitrability and waiver. (ER 008).

With respect to plaintiff's claim that Terminix waived the right to arbitrate, the magistrate found (and the district court agreed) that the Ninth Circuit (as well as other circuits) have consistently rejected the argument that the mere filing of a motion to dismiss is sufficient to waive the right to arbitrate under the FAA. (ER 011). Accordingly, the magistrate found, and the district court agreed, that "Plaintiff has not met its burden of establishing that Terminix's litigation efforts were inconsistent with the right to arbitrate." (ER 012). The magistrate (and district court) also found that the plaintiff failed to prove prejudice because (1) the district court's dismissal of the negligence and assumpsit claims was based on the statute of limitations and there was no indication that the outcome would have been different in arbitration; and (2) plaintiff's claim of prejudice based on litigation expenses was "self-inflicted" and has been consistently rejected by the Ninth Circuit. (ER 012-13). Although the magistrate found that the FAA controlled the issue of waiver, the Magistrate concluded that even if the California state law waiver standard applied, the right to arbitration was not waived. (ER

014-15).

With respect to plaintiff's claims that the arbitration agreement was unconscionable and illusory, the Magistrate found, and the district court agreed, that the agreement was not unconscionable because, in contrast to the cases in which unconscionability was found, the plaintiff's available damages would be no more limited in arbitration than in court.  (ER 018). Further, plaintiff's argument that the agreement was illusory was based on a provision allowing for termination of the agreement due to a change in law regarding the services to be performed.  (ER 015).  The magistrate found (and the district court agreed) that plaintiff's claim that the termination provision allowed Terminix to terminate the agreement for any reason, no matter how insignificant, was an overly broad reading of the provision. (ER 015-16).

With respect to the motion to strike plaintiff's class allegations, the magistrate concluded that because plaintiff's claims are arbitrable and the parties did not agree to claims being arbitrated on a class-wide basis, *Stolt-Nielsen v. Animalfeeds Intern. Corp.*, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) and *AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742, 755 (2011) require that plaintiff's class allegations be stricken.  (ER 019-20)   As with the motion to compel arbitration, the

district court fully adopted the magistrate's recommendation that the class

allegations be stricken.  (ER 004).

## SUMMARY OF ARGUMENT

Terminix's motion to compel arbitration expressly invoked the FAA, and longstanding federal precedent establishes that the FAA's federal body of arbitration law governs over state law.   Accordingly, the questions of arbitrability and waiver are governed by the FAA.  Plaintiff's argument that both the FAA's and state law waiver standards must be examined is unsupported and without merit.

Waiver of the right to arbitrate is not favored because of the strong federal policy favoring arbitration.  For this reason, a party claiming waiver bears a heavy burden.  Plaintiff failed to carry that burden. Terminix did not engage in conduct inconsistent with the right to arbitrate, and the motion to dismiss the original complaint and plaintiff's claimed litigation expenses are not enough to establish prejudice.   There was no clear error in the magistrate's and district court's factual findings on these issues.   For these reasons, plaintiff failed to overcome the legal presumption against waiver under the FAA.   The same outcome is warranted even if this Court were to apply California state law's standard for waiver.

With respect to plaintiff's claim that the arbitration agreement is

unconscionable, the arbitration agreement does not limit plaintiff's claims or remedies beyond those available in court and there is nothing about the arbitration agreement that is so one-sided as to "shock the conscience." With respect to plaintiff's claim that the arbitration agreement is illusory, defendants were not free to perform or to withdraw from the agreement at their own unrestricted discretion and therefore, the arbitration agreement is not illusory.

In *Stolt-Nielsen* and *Concepcion*, the Supreme Court held that non-consensual class arbitration is inconsistent with the FAA and that parties cannot be deemed to consent to class arbitration where the agreement is silent on the issue. It is undisputed that the parties have not agreed to claims being arbitrated on a class-wide basis. Accordingly, because plaintiff's claims are subject to arbitration and the applicable arbitration agreement does not expressly permit class arbitration, plaintiff's class allegations were properly stricken.

# ARGUMENT

## I.    THE FAA, NOT STATE LAW, SUPPLIES THE STANDARD FOR WAIVER

Whether the FAA or state law supplies the standard for waiver is a question of law that is reviewed de novo.  *In re Palmdale Hills Prop., LLC,* 654 F.3d 868, 873 (9th Cir. 2011); *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1091 (9th Cir. 2010).  Factual determinations underlying the district court's conclusion are reviewed only for clear error.  *Palmdale*, 654 F.3d at 873; *Yokoyama*, 594 F.3d at 1091.

Terminix's motion to compel arbitration specifically invoked the FAA, stating that "plaintiff's claims are the subject of a valid and enforceable arbitration agreement and therefore, the Court should compel arbitration and stay the litigation pursuant to Section 2 of the FAA." (ER 007; *see also* Supp ER 165).  Accordingly, the magistrate and district court correctly found that Terminix's "demand for arbitration is based on the FAA," and there was no clear error in the court's finding on this issue. (ER 007).  Plaintiff's claim that "Terminix moved for arbitration under California law, not the FAA" is incorrect and misleading (App. Br, p. 25).[1]

---

[1]    Plaintiff also asserts that Terminix "made no showing of interstate commerce."  (App. Br., p. 25).  "Courts construing the 'transaction

The FAA creates a "body of federal substantive law of arbitrability" and therefore, "unless the agreement provides otherwise, all questions regarding interpretation of arbitration agreements are determined by federal standards." *Moses H. Cone Mem. Hosp. v. Mercury Construc. Corp.*, 460 U.S. 1, 24 (1983). In *Sovak v. Chugai Pharmaceutical Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002), the Ninth Circuit held that "[t]he strong default presumption is that the FAA, not state law, supplies the rules for arbitration" and "waiver of the right to compel arbitration is a rule for arbitration, such that the FAA controls". It is undisputed that the arbitration agreement does not expressly state it is governed by state law. Therefore, the FAA waiver standard applies.

Plaintiff argues that *both* the FAA and state law waiver standards apply because of the savings clause in Section 2 of the FAA, which states

---

involving commerce' language of § 2 [of the FAA] have focused on the nature of the defendant's business". *Nicholson v. Labor Ready, Inc.*, 1997 WL 294393, *3 (N.D. Cal. 1997). In *Allied Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 269 (1995), the Supreme Court recognized the following as activities affecting interstate commerce: "Allied-Bruce, like Terminix, is a multistate firm and shipped treatment and repair material from out of state." Applying *Dobson*, the magistrate and district court correctly found that the interstate nature of Terminix's business "is enough to satisfy the interstate commerce element of the FAA." (ER 008). Further evidence of the relationship between Terminix's business and interstate commerce is the fact that Terminix's termite services are subject to federal regulation, specifically, the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. 136, *et seq*.

that arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (App. Br., pp. 25-26). Plaintiff claims Section 2 of the FAA requires the court to apply both the FAA and state law in determining whether arbitration has been waived. (*Id.* p. 26).

Plaintiff offers no legal support – and there is none – for the claim that the court is obligated to apply two sets of rules (one federal and one state) in determining whether there has been a waiver under the FAA. Neither Section 2 of the FAA nor the case cited by plaintiff, *Arthur Andersen LLP v. Carlisle,* 556 U.S. 624 (2009) involve waiver. Section 2 of the FAA addresses the validity of arbitration agreements and preserves those state law grounds under which such an agreement may be revoked. It does not address whether an otherwise valid agreement has been waived by a party through its extra-contractual conduct.

Plaintiff's argument regarding the applicability of state law ignores the long-standing rule that the FAA creates a "body of federal substantive law of arbitrability" and therefore, "unless the agreement provides otherwise, all questions regarding interpretation of arbitration agreements are determined by federal standards." *Moses H. Cone,* 460 U.S. at 24; *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006).

Accordingly, waiver under the FAA is resolved by looking to the federal substantive law of arbitration, not state law.

For these reasons, plaintiff's reliance on Section 2 of the FAA for the claim that state waiver law applies is misplaced. Instead, the FAA supplies the standard for waiver. *Batory v. Sears Roebuck and Co.,* 124 Fed.Appx. 530, 534 (9th Cir. 2005)("[T]he FAA controls questions of waiver of the right to compel arbitration.").

## II. TERMINIX DID NOT WAIVE THE RIGHT TO ARBITRATE UNDER THE FAA'S WAIVER STANDARD

Waiver under the FAA requires proof of: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986); *Batory*, 124 Fed.Appx. at 534. The party opposing arbitration bears a "heavy burden of proof" in showing these elements. *Sovak,* 280 F.3d at 1270; *Fisher*, 791 F.3d at 694. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone,* 460 U.S. at 24-25.

25

While the legal determination of waiver under the FAA is reviewed de novo, the factual findings underlying that ruling are reviewed only for whether there is clear error. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267-68 (9th Cir. 2006). Further, in light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitration should be resolved in favor of arbitration. *Fisher,* 791 F.2d at 694.

For the reasons set forth below, the magistrate and district court correctly found that Terminix did not act inconsistent with the right to arbitrate and plaintiff has failed to show prejudice.

## A. Terminix Did Not Act Inconsistently With the Right to Arbitrate

### 1. The Only Litigation Activity Was a Motion to Dismiss the Original Complaint

Plaintiff's original Complaint was filed on February 8, 2011, Terminix moved to dismiss on April 7, 2011, the motion was granted with leave to re-plead certain claims on July 25, 2011 (ER 128, 204, 024), and plaintiff filed an Amended Complaint on August 16, 2011. Terminix filed its motion to compel arbitration on August 30, 2011. (ER 128, 097). No discovery was ever initiated while the case was pending in the district court, nor was any discovery schedule entered.

Based on the above facts, the magistrate found, and the district court agreed, that "[t]he only litigation activity that occurred before the []

motion to compel arbitration was the filing of a motion to dismiss the original complaint." (ER 011). There was no clear error in this factual finding by the magistrate. Plaintiff's attempt to portray Terminix as having "actively litigat[ed]" the case for an extended period of time is an overstatement. (App. Br., p. 16).

Notably, Terminix's motion to dismiss the original complaint was filed on April 7, 2011, which was before the Supreme Court's opinion in *AT&T v. Concepcion*, 131 S.Ct. 1740 (2011). In *Nakano v. ServiceMaster Global Holding Inc.*, 2011 U.S. Dist. LEXIS 81949 (N.D. Cal. 2011) and *Morse v. ServiceMaster Global Holdings, Inc.*, 2011 U.S. Dist. LEXIS 88901 (N.D. Cal. 2011), the court held that in light of *Concepcion*'s fundamental shift in how arbitrations were to occur, conduct occurring before *Concepcion* was decided cannot constitute a waiver, because such conduct cannot be deemed to be inconsistent with a known right to arbitrate under the *Fisher* test. Accordingly, Terminix's pre-*Concepcion* motion to dismiss the original Complaint cannot qualify as a waiver of the right to arbitrate.

> **2. This Circuit and Other Circuits Have Held that the Filing of a Single Motion to Dismiss Does Not Amount to a Waiver**

Plaintiff cites no case, either from this Circuit or any other, holding

that the filing of a motion to dismiss waives the right to arbitration. The Ninth Circuit and other circuits hold to the contrary, finding that such minimal activity is not sufficient to constitute a waiver. *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005); *Lake Communications, Inc. v. ICC Corporation*, 738 F.2d 1473, 1477 (9th Cir. 1984), *overruled on other grounds, Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632-35 (1985); *Sovak*, 280 F.3d at 1270-71; *Williams v. Cigna Fin. Advisors*, 56 F.3d 656, 661-62 (5th Cir. 1995); *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985); *Sweater Bee by Banff Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457 (2d Cir. 1985).

Like the plaintiff in the instant case, plaintiff in *Lake Communications* filed a lengthy, complex complaint. Defendant filed a motion to dismiss the Complaint based on lack of personal jurisdiction and did not seek arbitration until more than one year after suit was filed. The Ninth Circuit found that there was no waiver of arbitration, noting that only "limited discovery" had been completed. *Lake Communication,* 738 F.2d at 1477; *see also Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005)(noting that filing motion to dismiss does not waive right to move to compel arbitration). Plaintiff claims *Lake Communications* is distinguishable because "it involved a mixture of arbitrable and non-

arbitrable claims." (App. Br., p. 23). However, nowhere is this stated in the decision, and no court interpreting *Lake Communications* has drawn such a distinction.

Numerous other federal circuits have also rejected the waiver argument advanced by the plaintiff. *See, e.g., Williams,* 56 F.3d at 661-62 (no waiver where party filed motion to dismiss, answered the complaint, asserted counterclaim and exchanged discovery); *Rush*, 779 F.2d at 888 (motion to dismiss does not waive the right to arbitrate; noting that where "a plaintiff files an intricate complaint . . . he should not be altogether surprised that a defendant takes the protective step of filing a motion to dismiss . . ."); *Sweater Bee,* 754 F.2d at 460 (no waiver where defendant filed motion to compel arbitration after motion to dismiss granted, which included dismissal of arbitrable claim).

Plaintiff attempts to distinguish *Fisher, Lake Communications*, *Rush* and *Sweater Bee* by claiming the motions to dismiss filed in those cases involved intricate complaints that included arguably arbitrable and non-arbitrable claims, and that his complaint, by contrast, is a simple five count complaint in which all claims are clearly arbitrable. (App. Br., pp. 23, 41-42). Plaintiff's arguments are unpersuasive. First, plaintiff's original Complaint was 43 pages and 201 paragraphs in length, it

contained 20 exhibits, and it alleged literally dozens, if not hundreds of statutory and regulatory violations.   (Supp. ER 1-162).  Accordingly, plaintiff's claim that his complaint, unlike those in the above cases, was a simple, five count complaint is contradicted by plaintiff's own pleading.

Second, plaintiff's suggestion that a motion to dismiss that includes arbitrable claims results in a waiver is contradicted by the cases cited by plaintiff.  In *Sweater Bee*, for example, the defendant filed a motion to dismiss that was granted and included dismissal of an arbitrable claim. The defendant then filed a motion to compel arbitration and no waiver was found, even though the ruling on the prior motion to dismiss included dismissal of an arbitrable claim.  *Sweater Bee,* 754 F.2d at 460.  Similarly, in *Rush*, the claims that were the subject of the motion to dismiss were not noted to be non-arbitrable.  Accordingly, whether the granting of the motion to dismiss constituted a waiver in these cases did not turn on whether the claims were or were not arbitrable.[2]

---

[2]    While the arbitrability or non-arbitrability of the claims is not dispositive of whether a motion to dismiss qualifies as a waiver, it must be noted that plaintiff's suggestion that all his claims are indisputably arbitrable is self-serving.   The arbitrability of the claims was not clear from the face of the Complaint and the fact that plaintiff chose to file suit in court rather than arbitration shows that even plaintiff believed some or all of the claims to be non-arbitrable (at least at the time of the case's inception).

In light of the length and complexity of the Complaint and the fact that plaintiff chose to file suit in court rather than arbitration, "[plaintiff] should not be surprised that a defendant takes the protective step of filing a motion to dismiss, specifically permitted by Fed.R.Civ.P. 12(b) to be filed before answer." *Sweater Bee*, 754 F.2d at 463. As in the Ninth Circuit's decisions in *Lake Communications, Sovak,* and *Fisher,* and the Second Circuit's decisions in *Rush* and *Sweater Bee*, the complaint at issue was intricate and complex, the arbitrability of the claims was not clear from the face of the complaint, and Terminix's motion to dismiss "may not be inconsistent with a right to arbitrate; it might be necessary for the defendant to file the motion . . . to sort out the claims before it can intelligently decide whether to arbitrate . . . ." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992).[3]

---

[3]  Plaintiff claims *Sovak* is "inapplicable because the Petitioner failed to argue prejudice." (App. Br., p. 23). In *Sovak*, the plaintiff asserted that the defendant "waived its right to compel arbitration under the FAA by successfully moving to dismiss the second amended complaint for failure to state a claim." *Sovak*, 280 F.3d at 1270. The Ninth Circuit rejected plaintiff's waiver claim based on the lack of evidence of prejudice and while the Court does not specifically address whether the defendant acted inconsistently with the right to arbitrate, it stands to reason that if the granting of the motion to dismiss was dispositive on the issue of waiver as claimed by the plaintiff herein, the Ninth Circuit would have so stated.

### 3. The Type of Conduct Found by the Ninth Circuit to Constitute a Waiver is Not Present Here

Plaintiff is correct in claiming that *Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754 (9th Cir. 1989)[4] illustrates the type of conduct found to constitute a waiver. (App. Br., p. 22). *Van Ness*, however, supports a finding of no waiver here. In *Van Ness*, the party seeking arbitration "actively litigated [the] case for over two years before moving to compel arbitration," including pleadings, motions and approving a pre-trial conference order. The Court found that such conduct indicates a "conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims." *Van Ness*, 862 F.2d at 759.

The district court correctly found that Terminix's conduct in the instant case does not approach the *Van Ness* level of litigation. Instead, Terminix merely filed a motion to dismiss the original Complaint and when the Court ruled that the entire claim was not subject to dismissal,

---

[4] Notably, *Van Ness* is a pre-*Concepcion* case. This Circuit has recognized that *Concepcion* marks a significant change in the law of arbitration. *See Coneff v. AT&T*, 673 F.3d 1155 (9th Cir. 2012). Accordingly, the presumption in favor of arbitration is even stronger post-*Concepcion,* and the burden to establish waiver is now even heavier. *See also In re Apple & AT&T Antitrust Litig.*, 826 F.Supp.2d 904 (N.D.Cal. 2011)(rejecting claim of waiver of arbitration based on conduct occurring before *Concepcion*).

Terminix immediately filed a motion to compel arbitration. Plaintiff has cited no case supporting a finding of waiver under such facts. Instead, *Van Ness* shows that waiver requires substantially more litigation activity.

### 4. The District Court and Fifth and Eighth Circuit Cases Relied Upon by Plaintiff are Distinguishable

Unable to find any controlling Ninth Circuit precedent establishing that the filing of a single motion to dismiss is sufficient to constitute a waiver, plaintiff turns to a district court case from the Northern District, *Gonsalves v. Infosys Tech., Ltd.*, 2010 WL 3118861 (N.D. Cal. 2010), and two cases from other circuits: the Eighth Circuit's decision in *Hooper v. Advance Am. Cash Advance Centers*, 589 F.3d 917 (8th Cir. 2009), and the Fifth Circuit's decision in *In re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010). (App. Br., pp. 15-22, 32-33). In addition to the fact that none of these cases is binding, they are easily distinguishable.

*Gonsalves* was decided under California's state waiver standards, not the FAA (because the agreement in question stated that California state law governed the dispute). *Gonsalves*, 2010 WL 3118861, *2. Not only did the court apply the state law standard (rather than the FAA), but the defendant successfully prosecuted more than one motion to dismiss. (*Gonsalves*, 2010 WL 3118861, *3). By contrast, the only litigation activity occurring before the filing of the motion to compel arbitration in

the instant case was a motion to dismiss the original Complaint and "when the court ruled that the entire action was not subject to dismissal, Terminix filed its motion to compel arbitration." (ER 012).[5]  Such litigation activity is minimal and numerous Ninth Circuit cases cited by the magistrate hold that such activity is insufficient to constitute a waiver. (ER 011-12).

Plaintiff declares that the Eighth Circuit's decision in *Hooper* "could not be more on all fours with the facts of the instant case."  (App. Br., p. 17).  However, *Hooper* involved more extensive litigation activity than that present in the instant case.  In *Hooper*, before the motion to compel arbitration was filed, the parties made initial discovery disclosures and the parties negotiated a discovery plan that was approved by the court.  There was also a motion to dismiss that involved several complex novel issues. These facts, mentioned nowhere in plaintiff's brief, show substantial litigation activity that is inconsistent with the right to arbitrate.   Here, by contrast, the only litigation activity occurring before the motion to compel arbitration was filed was a single motion to dismiss based on the statute of

---

[5]   Although Terminix filed a second motion to dismiss the UCL and FAL claims, as well as an answer to the breach of contract claim, at the same time the motion to compel arbitration was filed, the second motion to dismiss was never argued or ruled upon.

limitations and the failure to plead the UCL and FAL claims with particularity. Such activity is significantly less than that in *Hooper* and the district court, consistent with numerous other precedents, correctly found that such minimal activity is not inconsistent with the right to arbitrate.

The Fifth Circuit's decision in *Mirant* is even less similar. There, prior to moving to compel arbitration, the defendant filed three separate motions to dismiss, a motion to stay discovery, a motion for protective order, and a motion for relief from the court's scheduling order, and waited 18 months after suit was filed to seek arbitration. Further, the plaintiff incurred significant costs in defending against defendant's various discovery motions. Plaintiff is therefore incorrect in claiming that the facts are the same in *Mirant* and the instant case. Instead, *Mirant* bears virtually no resemblance at all to this case.

## B. Plaintiff Has Not Shown Prejudice

Even if plaintiff could show conduct inconsistent with the right to arbitrate, such a showing alone is not sufficient to establish a waiver. Instead, plaintiff must also show prejudice. *See Lake Communications,* 738 F.2d at 1477 ("More is required than action inconsistent with an arbitration provision; prejudice to the party opposing arbitration must also

be shown"); *ATSA of California, Inc. v. Continental Ins. Co.*, 702 F.2d 172, 175 (9th Cir. 1983)("[I]nconsistent behavior alone is not sufficient; the party opposing the motion to compel arbitration must have suffered prejudice.").

Plaintiff claims he suffered prejudice because of the court's dismissal of Counts Three and Five of the original Complaint (App. Br., pp. 36-37), and by incurring litigation fees and expenses.  (App. Br., pp. 37-38).   The magistrate and the district court correctly found that these facts are not enough to satisfy plaintiff's burden of proving prejudice.

With respect to the dismissal of Counts Three and Five of the original Complaint (professional negligence and assumpsit), those claims were dismissed based on the statute of limitations.  (ER 030-31).   The magistrate found that since Counts Three and Five were dismissed as time barred, there is no indication that the outcome would have been any different in arbitration.  (ER 012).   Nowhere in plaintiff's Brief does he attempt to show otherwise.

Plaintiff's claim that dispositive motion practice is not allowed in arbitration is incorrect.  (App. Br., pp. 38-39).  Instead, motions to dismiss based on the statute of limitations are allowed in arbitration and the Court need look no further than another class arbitration prosecuted by

plaintiff's counsel against Terminix.  In that case, *Flaxman v. Terminix,*

before a AAA arbitrator, Terminix's motion to dismiss was based on the

statute of limitations (the same ground for dismissal of the plaintiff's

original Complaint herein).   (Supp. ER 181-89).[6]

For these reasons, the magistrate was correct in finding that the

dismissal of Counts Three and Five of the original Complaint as time

barred would have been no different in arbitration.  This finding was not

clear error and no prejudice has been shown.

With respect to plaintiff's claimed litigation expenses, plaintiff

claims to have incurred $142,000 in attorney's fees and costs in

responding to the motion to dismiss, drafting the amended complaint and

drafting the opposition to the motion to stay and compel arbitration, and

$135,000 for trial preparation.  (App. Br., p. 37).  Again, however, the

magistrate and district court correctly found that these expenses do not

---

[6]     Citing *Howsam v. Dean Witter*, 537 U.S. 79 (2002), plaintiff claims
that Terminix's motion to dismiss the original Complaint based on the
statute of limitations "invades the jurisdiction of the arbitrator." (App.
Br., p. 33).  However, in *Howsam,* unlike the instant case, the plaintiff
initiated an arbitration and the defendant filed a declaratory judgment
in court, claiming the limitations period for initiating arbitration was a
"question of arbitrability" for the court, rather than the arbitrator, to
decide.  Such issues are not present in the instant case, and the issues here
(waiver of arbitration through filing a motion to dismiss in an action
initiated in court by plaintiff) were not present in *Howsam.*

establish prejudice.

With respect to the expenses associated with responding to the motion to dismiss and other pleadings activities, the Ninth Circuit has held that "[t]he burden of responding to [a] motion to dismiss[] is not sufficient evidence of prejudice." *Global Security & Communications, Inc. v. AT&T*, 191 F.3d 460, 1999 WL 513873 (9th Cir. 1999). In *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9th Cir. 2002), the Ninth Circuit rejected a claim of waiver based on "substantial costs" of litigating the matter in court where, as here, the court proceedings were limited to the pleadings stage. *United Computer Systems*, 298 F.3d at 765. The Ninth Circuit noted that if the defendants "permitted the case to proceed to discovery and to a trial, an argument based on litigation costs would be much more compelling." *Id.*

Plaintiff makes no attempt to distinguish *United Computer Systems*. Here, as in *United Computer Systems*, the litigation activity was limited to the pleadings stage, in particular, a single motion to dismiss with no discovery having been initiated or completed. This Court, like the Court in *United Computer Systems*, should find that the costs incurred by plaintiff for pleadings-related activity are insufficient to show prejudice.

With respect to the expenses not related to the motion to dismiss,

such expenses were for property inspections, consultations with witnesses and experts, and arranging for work by consulting experts.  (ER 013, 090).  The magistrate found, and the district court agreed, that "there is no indication that such expenses would not be incurred in arbitration."  (ER 013).  There was no clear error by the magistrate on this factual finding.  At the hearing on the motion to compel arbitration, the magistrate specifically asked plaintiff's counsel to identify any differences between the actual expenses incurred and the amount he claims would have been incurred in preparing for an arbitration.  (ER 013; Supp. ER 229-30).  Plaintiff's counsel was unable, or unwilling, to do so.  (ER 013; Supp ER256-57).

Even if there were some extra litigation expenses incurred as a result of the case being venued in court for a period of time before being compelled to arbitration, a plaintiff's claim of prejudice based on his own choice to incur litigation expenses after filing in the wrong forum has been expressly rejected by the Ninth Circuit.  In *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986), the Court held:

> Finally, the Fishers make the surprising contention that they have been prejudiced because they "willingly incurred the substantial expenses involved in this litigation in order to benefit from a full jury trial."  [Citation omitted].  This wound was self-inflicted.  The

> Fishers were parties to an agreement making arbitration of disputes mandatory. They violated that agreement by including their arbitrable claims in this action. Any extra expense incurred as a result of the Fishers' deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [defendant].

*Fisher*, 791 F.2d at 698.

Plaintiff attempts to distinguish *Fisher* based on the fact that both arbitrable and non-arbitrable claims were asserted. (App. Br., p. 23). That, however, does not render *Fisher* inapplicable. In fact, it was the very inclusion of arbitrable claims in the lawsuit that caused the Ninth Circuit to find that plaintiff's incurring of litigation expenses was self-inflicted. Because plaintiffs included arbitrable claims in their lawsuit filed in court, in violation of their arbitration agreement, the Ninth Circuit concluded that "[a]ny extra expense incurred as a result of the Fishers' deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [defendant]." *Fisher*, 791 F.2d at 698. The same reasoning applies with equal force here and the same outcome is warranted.

A party arguing waiver of arbitration bears a "heavy burden of proof" and any doubts must be resolved in favor of arbitration in light of the strong federal policy favoring enforcement of arbitration agreements.

40

*Fisher*, 791 F.3d at 694.  Plaintiff has not satisfied his "heavy burden" of showing conduct inconsistent with arbitration or prejudice.

### III.  TERMINIX DID NOT WAIVE THE RIGHT TO ARBITRATE UNDER THE CALIFORNIA STATE STANDARD

For the reasons set forth in Section I, the FAA controls the issue of waiver.  However, the magistrate and district court correctly found that plaintiff fares no better under the California state waiver standard.   Under California law, a court considers the following factors when determining whether waiver has occurred:

> (1)  whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*St. Agnes Med. Ctr. v. PacifiCare*, 82 P.3d 727, 733 (Cal. 2003).

Under the California standard, the question of waiver is one of fact and the trial court's findings should be affirmed if they are supported by substantial evidence.  *St. Agnes*, 82 P.3d at 733.  All reasonable inferences

are construed most favorably to the judgment and all ambiguities are resolved in favor of affirmance. *Burton v. Cruise*, 118 Cal.Rptr.3d 613 (Cal.Ct.App. 2010). The magistrate correctly found that none of the six factors favor plaintiff and the magistrate's findings are supported by substantial evidence.

## A. Terminix's Motion to Dismiss the Original Complaint Was Not Inconsistent with Arbitration and Did Not "Substantially Invoke" the Litigation Machinery

Plaintiff claims the litigation machinery was "substantially invoked" by the motion to dismiss the original Complaint, which plaintiff characterizes as seeking a decision on the merits. (App. Br., pp. 30-31). The litigation machinery has been found to be invoked where, for instance, "the parties engaged in discovery, submitted the case to judicial arbitration, had the court consider [a party's] summary judgment motion, participated in a mandatory settlement conference, and allowed the case to proceed to the brink of trial." *Dixon R. Howell v. Valley*, 29 Cal.Rptr.3d 499, 516 (Cal.Ct.App. 2005). By contrast, the court entertaining a motion to dismiss and motion for class certification, and the parties engaging in limited discovery, has been found to be not enough. *Quevedo v. Macy's, Inc.*, 798 F.Supp.2d 1122, 1131 (C.D. Cal. 2011).

As the district court correctly held, the filing of the motion to dismiss

in the instant case is clearly on the *Quevedo* side of the spectrum.   It does not qualify as "substantially invoking" the litigation machinery and the parties were not "well into the preparation of a lawsuit" at the time the motion to compel arbitration was filed.  *St. Agnes Med. Ctr.*, 82 P.2d at 733.

## B.    Terminix Did Not Request Arbitration Close to the Trial Date or Unreasonably Delay Before Seeking a Stay

Terminix did not request arbitration close to a trial date (since no trial date had been set) and this point is not disputed by plaintiff.   Plaintiff claims the nearly seven month time frame between when suit was filed (February 8, 2011) and when the motion to compel arbitration was filed (August 30, 2011) was unreasonable.  (App. Br., pp. 35-36).[7]

Plaintiff cites to several cases in support of its claim that "[a] seven month delay is unreasonable."  (App. Br., pp. 35-36).  However, the cases cited by plaintiff make it clear that it is the extent of litigation activity, rather than the mere amount of time, that is dispositive.  For example, in

---

[7]    Plaintiff appears to calculate the time frame based on the time when the lawsuit was filed.  If the time frame is calculated by reference to when Terminix was served or filed its responsive pleading to the Complaint, then the amount of time is obviously shorter.  The issue is moot because even the case law relied upon by plaintiff shows that it is the extent of litigation activity, rather than merely the amount of time, that is dispositive.  *See* Section III.B., *infra*.   Nonetheless, Terminix feels compelled to point out the flaw in plaintiff's calculation of the time frame, if for no other reason than that silence is not construed as acquiescence.

*Guess?, Inc. v. Superior Ct.,* 94 Cal.Rptr.2d 201 (Cal.Ct.App. 2000), a case relied upon by plaintiff (App. Br., p. 35), the defendant answered the complaint, served written discovery, and scheduled 10 depositions before seeking to compel arbitration.  Similarly, in *Roberts v. El Cajon Motors, Inc.*, 133 Cal.Rptr.3d 350 (Cal.Ct.App. 2011), another case cited by plaintiff (App. Br., p. 35), "substantial written discovery" had been initiated before arbitration was sought and the party seeking arbitration contacted putative class members and attempted to settle with them.  Likewise, in *Adolph v. Coastal Auto Sales, Inc.*, 110 Cal.Rptr.3d 104 (Cal.Ct.App. 2010), the defendant accepted and contested discovery requests, and engaged in efforts to schedule depositions before moving to compel arbitration.  (App. Br., p. 36).

In contrast to the above cases, Terminix promptly filed a motion to dismiss the original Complaint, and the magistrate correctly found that a significant amount of the time that passed before arbitration was sought occurred while the motion to dismiss was pending.  (ER 014).  Further, there was no discovery or other activity that occurred during that time frame, and Terminix immediately sought to compel arbitration once plaintiff filed his amended Complaint.  The time frame and extent of litigation activity that occurred here is quantitatively, and qualitatively,

different from the cases relied upon by plaintiff.

**C.    Terminix Did Not File a Counterclaim**

Plaintiff claims that Terminix asserted a counterclaim against
plaintiff in that the prayer for relief in Terminix's Answer requested that
costs be taxed to plaintiff.  (App. Br., p. 41).  Plaintiff's claim that this
qualifies as a counterclaim is incorrect and unsupported.   Taxation of
costs is permitted by statute.  *See* 28 U.S.C. §1920.  There is nothing in
the costs statute, or in the rule relating to counterclaims, that even
remotely supports a prayer for costs being considered a counterclaim, nor
has plaintiff cited any legal authority supporting this argument.  Instead,
at least one court has noted that a standard prayer for relief that the
plaintiff take nothing and that the defendant be awarded costs does not
constitute a counterclaim.  *See Stickrath v. Globalstar, Inc.*, 2008 WL
2050990, *2 (N.D. Cal. 2008).[8]

**D.    Terminix Did Not Take Advantage of Procedures Not
Available in Arbitration**

As discussed in Section II.B., plaintiff is incorrect in claiming
Terminix would be unable to pursue dismissal of the claims  in

---

[8]    It is also noteworthy that plaintiff never filed an answer to the alleged
counterclaim   in   accordance   with   F.R.C.P.   12(a)(1)(B),   thereby
demonstrating that even plaintiff does not consider the request for costs to
qualify as a counterclaim.

arbitration.  (App. Br., pp. 38-39).  Instead, the magistrate correctly found that "Terminix would be entitled to challenge the substantive merits of Plaintiff's claims."  (ER 015).  Plaintiff's claim that the relief obtained before the district court (dismissal of certain pursuant to the statute of limitations) is unavailable in arbitration is flatly refuted by the *Flaxman v. Terminix* arbitration prosecuted by plaintiff's counsel in which the AAA arbitrator dismissed the claim as time barred.  (Supp. ER 181-89).  The magistrate's finding that Terminix did not take advantage of procedures unavailable in arbitration is supported by the evidence and must therefore be affirmed.  *St. Agnes*, 82 P.3d at 733.

## E.  The Timing of Terminix's Motion to Compel Arbitration Did Not Mislead or Prejudice Plaintiff

Plaintiff argues the same prejudice under the California standard as asserted under the FAA standard, specifically, the dismissal of Counts Three and Five of the original Complaint and the expenses in responding to the motion to dismiss and conducting other investigation.  (App. Br., pp. 36-38).  As discussed in Section II.B., the magistrate correctly found that there was no basis for concluding that the motion to dismiss Counts Three and Five as time barred would have been different in arbitration.  The magistrate also correctly found that plaintiff failed to show that his investigative and trial-related costs would not have been incurred in

arbitration, and that the claim of prejudice from costs was "self-inflicted" because plaintiff initiated the claim in the wrong forum. *See Fisher*, 791 F.2d at 698.

## IV.  THE ARBITRATION AGREEMENT IS NOT SUBSTANTIVELY UNCONSCIONABLE

An arbitration clause is substantively unconscionable if "the terms of the agreement . . . are so one sided as to *shock the conscience.*"  *Soltani v. Western & South. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001)(emphasis in original).  Where, as here, plaintiff challenges only the validity of the arbitration provision rather than the contract as a whole, it is for the court to decide unconscionability.  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 (9th Cir. 2006).

Whether a contract provision is unconscionable is an issue of law that is reviewed de novo.  *In re Amorosso,* 222 Fed.Appx. 542, 543 (9th Cir. 2007); *Ting v. AT&T*, 319 F.3d 1126, 1135 (9th Cir. 2003).  However, resolution of the issue turns on the factual circumstances of the case. *Westlye v. Look Sports, Inc.*, 22 Cal.Rptr.2d 781, 792 (Cal.Ct.App. 1993). Factual findings made by the district court must be affirmed unless they are clearly erroneous.  *Nagrampa,* 469 F.3d at 1267-68.

Plaintiff claims the arbitration agreement is substantively unconscionable because of provisions in the termite  agreement limiting

47

the customer's remedy to a re-treatment of the property (App. Br., pp. 47-48), disclaiming consequential damages (*Id.* p. 48), and releasing claims for repair of property.  (*Id.* pp. 49-50).   Plaintiff's broad assertion that the effect of these provisions is "to leave California consumers with no redress whatsoever" is incorrect and unsupported.  (App. Br., p. 48).

The agreement in question does not provide for more limited remedies in arbitration than what would be available in court and this distinguishes this case from the cases relied upon by plaintiff in which unconscionability was found.  For example, in *Lhotka v. Geographic Expeditions, Inc.*, 104 Cal.Rptr.3d 844 (Cal.Ct.App. 2010), cited at page 49 of plaintiff's brief, the arbitration agreement limited hikers to the amount paid for the hiking trip and required them to travel to California for mediation and to pay the hiking company's defense costs.  Similarly, in *Harper v. Ultimo*, 7 Cal.Rptr.3d 418 (Cal.Ct.App. 2003), also cited at page 49 of plaintiff's brief, the arbitration agreement limited the recoverable damages to no more than $2,500.  In *Mercuro v. Superior Ct.*, 116 Cal.Rptr.2d 671 (Cal.Ct.App. 2002), the arbitration agreement covered all claims the employee was most likely to bring, but excluded those claims most likely to be brought by the employer.

Plaintiff has offered nothing to show that the arbitration provisions

in these cases are analogous to the instant case.  Instead, the remedies that would be available to the plaintiff are no different if the claim is initiated in arbitration or in court.  The district court correctly found that the contractual limitations are not "so one-sided as to shock the conscience." *Soltani*, 258 F.3d at 1043.  Plaintiff's arguments regarding unconscionability constitute nothing more than a party trying to avoid arbitration by identifying provisions in an agreement that are not favorable to him.  Such a position is directly at odds with the "national policy favoring arbitration." *AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742, 755 (2011); *KPMG LLP v. Cocchi*, 132 S.Ct. 23, 24 (2011).   The magistrate and district court's factual findings are not clearly erroneous and they correctly concluded that the arbitration agreement is not substantively unconscionable.

## V.    THE ARBITRATION AGREEMENT <br> IS NOT ILLUSORY

"Where parties purport to form a contract by exchanging promises, but 'one of the promises leaves a party free to perform or to withdraw from the agreement at his own unrestricted pleasure, the promise is deemed illusory and it provides no consideration.'" *Batth v. Lion Raisins, Inc.*, 2008 WL 1838134, *9 (Cal.Ct.App. 2008).   Similarly, in the context of arbitration agreements, "[a]n arbitration clause is not illusory unless

one party can avoid its promise to arbitrate by amending the provision or terminating it altogether." *Peleg v. Nieman Marcus Gp., Inc.*, 140 Cal.Rptr.3d 38, 58 (Cal.Ct.App. 2012).  Such circumstances are not present in the instant case and the magistrate and district court correctly found that the arbitration agreement is not illusory.   Whether the agreement is illusory is a question of law that is reviewed de novo. *Batth*, 2008 WL 1838134, at *8.

Plaintiff claims the arbitration agreement is illusory because of the provision limiting the customer's remedy to a re-treatment of the property (App. Br., pp. 50-51).   The re-treatment limitation in no way limits or affects the agreement to arbitrate, and plaintiff points to nothing showing that this limitation renders the arbitration agreement illusory.

Plaintiff also claims the arbitration agreement is illusory because of a provision stating that "[i]n the event of a change in existing law as it pertains to the services herein, Terminix reserves the right to terminate this agreement." (App. Br., pp. 51-52).   However, the provision is limited to a change in law specifically relating to the services to be performed under the agreement.  Plaintiff's claim that Terminix could terminate the agreement for any reason, no matter how insignificant, is an overly broad reading of the provision.  (App. Br., p. 52).   There is no support for

plaintiff's claim that the termination provision renders the arbitration agreement illusory.

The Magistrate correctly found that Terminix was not "free to perform or to withdraw from the agreement at [its] own unrestricted pleasure." *Batth,* 2008 WL 1838134, *9. Accordingly, the arbitration agreement is not illusory.

## VI.  PLAINTIFF'S CLASS CLAIMS WERE PROPERLY STRICKEN UNDER *STOLT-NIELSEN* AND *CONCEPCION*

The applicable arbitration agreement does not provide for class arbitration.  Plaintiff does not dispute this fact.  In *Stolt-Nielsen v. Animalfeeds Intern. Corp.*, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) and *AT&T Motility LLC v. Concepcion,* 131 S.Ct. 1740, 179 L.Ed.2d 742, 755 (2011), the Supreme Court held that non-consensual class arbitration is inconsistent with the FAA, and that parties cannot be deemed to consent to class arbitration where, as here, the agreement is silent on the issue. The Supreme Court noted that classwide arbitration interferes with the "fundamental attributes of arbitration" – namely, (a) efficient dispute resolution (b) using informal procedures (c) at low cost – and "creates a scheme inconsistent with the FAA." *Concepcion*, 131 S.Ct. at 1748, 1751-52.

The magistrate and district court correctly found that because plaintiff's claims are the subject of a valid and enforceable arbitration provision that does not provide for class arbitration, plaintiff's class claims should be stricken. (ER 019-20; ER 003-04). Whether the district court correctly applied *Stolt-Nielsen* and *Concepcion* is a question of law that is reviewed de novo. *Palmdale,* 654 F.3d at 873.

Citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003), plaintiff asserts that class arbitration is a matter of procedural arbitration for the arbitrator, not the court, to decide. (App. Br., pp. 53-54). However, in *Stolt-Nielsen,* the Court noted that *Bazzle* (which was only a plurality, not a majority, opinion) "did not establish the rule to be applied in deciding whether class arbitration is permitted." *Stolt-Nielsen*, 176 L.Ed.2d at 621. That issue was squarely addressed by the *Stolt-Nielsen* Court, which held that "a party cannot be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen*, 176 L.Ed.2d at 624 (Emphasis in original). The *Stolt-Nielsen* Court also held that a class action may not be implied "solely from the fact of the parties' agreement to arbitrate" and that "mere silence" does not constitute consent to class arbitration. *Id.* at 624-25. Accordingly, plaintiff's argument that *Bazzle*

requires the arbitrator to decide whether class arbitration is permitted was properly rejected.[9]

The magistrate and district court correctly found that *Stolt-Nielsen* and *Concepcion* require that plaintiff's class allegations be stricken.

## CONCLUSION

For the reasons stated above, defendants-appellees, The Terminix International Company Limited Partnership and Terminix International, Inc, respectfully request that this Court affirm the district court's order and judgment compelling plaintiff's claims to arbitration, striking plaintiff's class action allegations, and dismissing plaintiff's First Amended Complaint.

---

[9]    Plaintiff cites to the Third Circuit's decision in *Sutter v. Oxford Health Plans*, 675 F.3d 215 (3d Cir. 2012) as somehow supporting his claim that the arbitrator is the proper person to decide if an agreement calls for class arbitration.   (App. Br., p. 54 n. 103). *Sutter* in no way supports such a claim.  *Sutter* involved a decision by an arbitrator in 2003, long before *Stolt-Nielsen,* that an agreement permitted class arbitration. At issue was whether the arbitrator exceeded his powers under the FAA's grounds for vacating an arbitration award.   *Sutter* does not support plaintiff's claim that whether non-consensual class arbitration is permitted is for the arbitrator to decide.  Instead, *Stolt-Nielsen* establishes that class arbitration is not allowed where, as here, the parties' agreement is silent on the issue.   Plaintiff's claim that *Sutter* supports a conclusion different from that reached by the magistrate and the district court is without merit and must be rejected.

Respectfully submitted,

/s/ Christopher J. Borders
Christopher J. Borders
David R. Creagh
David J. Richards
Hinshaw & Culbertson LLP

Attorneys     for     Defendants-
Appellees

## STATEMENT OF RELATED CASES

There are no other known cases related to this appeal pending in this

Court.

## CERTIFICATE OF COMPLIANCE

I certify that (check appropriate option):

x      This brief complies with the enlargement of brief size permitted by Ninth Circuit Rule 28-4.  The brief's size and type face comply with Fed.R.App.P. 32(a)(5) and (6).  The brief is 11,074 words, 1,394 lines of text or 70 pages, excluding the portions exempted by Fed.R.App.P. 32(a)(7)(B)(iii), if applicable.

☐      This brief complies with the enlargement of brief size granted by court order dated _____.  The brief's size and type face comply with Fed.R.App.P. 32(a)(5) and (6).  The brief is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed.R.App.P. 32(a)(7)(B)(iii), if applicable.

☐      This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 32-2 and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed.R.App.P. 32(a)(7)(B)(iii), if applicable.

☐      This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 29-2(c)(2) or (3) and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed.R.App.P. 32(a)(7)(B)(iii), if applicable.

■    This brief complies with the length limits set forth in Ninth Circuit Rule 32-4.   The brief's type size and type face comply with Fed.R.App.P. 32(a)(5) and (6).

Respectfully Submitted,

/s/ Christopher J. Borders
Christopher J. Borders
David R. Creagh
David J. Richards
Attorneys for Appellees

## APPENDIX

All applicable statutes, rules and regulations are contained in the

Appendix of appellant.